IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL LEON POWE,           :

    Petitioner,              :

v.                           :          CIVIL ACTION 04-0491-BH-M

GRANTT CULLIVER,             :

    Respondent.              :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate, referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Grantt Culliver and against Petitioner Michael Leon Powe pursuant to 28 U.S.C. § 2244(d).

The Court notes that a Report and Recommendation was previously entered on August 12, 2005 which set out the procedural history of Powe's rape conviction and recommended that this petition be dismissed as time-barred (Doc. 15).[1]  Petitioner objected to that Report and Recommendation, arguing that he should be considered to have equitably tolled the

---

    [1]Because there has been no apparent objection to the factual or legal findings made in the prior Report and Recommendation (Doc. 15; see Doc. 16), they will not be set out again here.

filing period (Doc. 16).  This action was remanded by Senior U.S. District Judge Hand to the Undersigned "for further consideration of the propriety of the[] claims" raised in the objection (Doc. 17).

Petitioner specifically avers that his appointed appellate attorney failed to provide him with the trial transcript and records from his conviction so that he could pursue post-conviction remedies.  Letters provided by Powe show that he wrote his attorney on June 21 and August 21, 2001, seeking those documents (Doc. 16, p. 3; Exhibits B, C).[2]  When he received no response, Petitioner wrote a letter to Judge Lockett, the trial judge, soliciting his help in directing his appellate attorney to forward the documents on to him (see Doc. 16, p. 4).  In a letter written on January 17, 2002, attorney Lila Cleveland informed Powe that she had been appointed to represent him in his Rule 32 petition and that she had contacted his former attorney to obtain the records (Doc. 17, Exhibit D); she received those records the next day (see Doc. 17, Exhibit F).  On March 18, 2002 Petitioner wrote Cleveland and urged her to file his Rule 32 petition no later than May 7, 2002 so that he would not run

---

[2] The Court notes that the certificate of final judgment on the conviction was entered on May 8, 2001 (Doc. 9, Exhibit RX-3).

2

awry of the AEDPA[3] statute of limitations (Doc. 17, Exhibit E).  Cleveland held his transcript until it was returned to Powe on March 28, 2003, a year later (Doc. 17, p. 5).  On May 1, 2003, Petitioner filed his own State Rule 32 petition with the assistance of another inmate (Doc. 17, p. 5).  Powe urges this Court to find that the statute of limitations was tolled from June 21, 2001 until March 28, 2003 because of his inability to obtain his trial transcript from his attorneys (Doc. 17, p. 5).

The Eleventh Circuit Court of Appeals has held that § 2244 permits equitable tolling "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  The *Steed* Court stated that "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly.  Mere attorney negligence does not justify equitable tolling.  An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling."  *Steed*, 219 F.3d at 1300

---

[3] Powe was referring to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (*AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  AEDPA was the basis for this Court's prior finding that this action was time-barred (Doc. 15).

(internal citations omitted).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Because of the difficult burden placed on petitioners, the Eleventh Circuit has "rejected most claims for equitable tolling."  *Diaz v. Secretary for Department of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).

In this action, the Court, in the prior Report and Recommendation, made the following findings of fact.  The statute of limitations clock began to run on August 6, 2001, the day on which Powe could have last petitioned for *certiorari* in the U.S. Supreme Court (Doc. 15, p. 4).  This action was not initiated until July 20, 2004, nearly two years after the one-year limitations period had expired (Doc. 1).  In the period of time that the limitations clock was running, Petitioner filed a State Rule 32 petition, but it did not toll AEDPA because it was filed nine months after the one-year period had run (Doc. 15, p. 4); *see Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner now seeks equitable tolling for a period of twenty-one months and one week (June 21, 2001 through March 28, 2003) during which he asserts that he was unable to obtain the necessary documents to pursue his post-conviction

4

remedies. The Court notes, however, that Petitioner demonstrated his knowledge, in writing his attorneys to seek his trial materials, that AEDPA posed a one-year limitations period (Doc. 16, Exhibits C, E); Powe even informed Attorney Cleveland that his State Rule 32 petition had to be filed by May 7, 2002 so as not to be barred by AEDPA (Doc. 16, Exhibit E). In spite of this knowledge, Petitioner did not file his own Rule 32 petition until May 1, 2003, nearly a full year later.

While Petitioner would lay the blame for the delay at the door of his attorneys, he has not demonstrated "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed*, 219 F.3d at 1300. Specifically, the sum of Powe's efforts to obtain his records is four letters—three to his attorneys and one to the trial judge. Powe sought the trial court's help once in getting his records when his appellate attorney did not respond to the first two letters. Beyond that, however, there is no indication that Petitioner sought the Court's help again even though he knew his period of time for filing a State Rule 32 petition was dwindling. Petitioner's final letter clearly informed his attorney that he had less than two months to seek State Court redress (Doc. 17, Exhibit E); nevertheless, Petitioner took no

legal action for more than a year.  There is no reason for this Court to believe that Petitioner could not have filed his State Rule 32 petition without the transcript while informing the Court of the difficulty he was having obtaining his records.  At the very least, he could have again solicited the Court's help in getting those records or sought the records directly from the trial court.  Petitioner's failure to do so can not be regarded as due diligence on his part.

In light of the foregoing, it is recommended that the Court deny Petitioner's request that AEDPA be equitably tolled.  Because Powe did not file his habeas corpus petition until nearly two years after the one-year limitations period expired, it is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).  Therefore, it is recommended that this habeas petition be dismissed and that judgment be entered in favor of Respondent Grantt Culliver and against Petitioner Michael Leon Powe pursuant to 28 U.S.C. § 2244(d).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. §

636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 7th day of October, 2005.

                                                           <u>s/BERT W. MILLING, JR.</u>
                                                           UNITED STATES MAGISTRATE JUDGE